UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBYN LYNN GRACEY,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendants. | Case No. 1:23-cv-01654-EPG<br><br>ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO EQUAL JUSTICE ACT 28 U.S.C. § 2412(d)<br><br>(ECF No. 14). |

On May 6, 2024, Attorney Jonathan Pena, counsel for Plaintiff Robyn Lynn Gracey, filed a motion for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (ECF No. 24). On May 7, 2024, the Commissioner filed a response to Plaintiff's motion, stating that "[t]he Commissioner has given substantive consideration to the merits of Plaintiff's request and found no basis to object." (ECF No. 15 at 1).

**I.    BACKGROUND**

Plaintiff filed the complaint in this case on November 28, 2023. (ECF No. 1). The parties consented to this case proceeding before the undersigned. (ECF No. 10). On January 19, 2024, the parties filed a stipulation for remand to the agency for further proceedings. (ECF N. 11). On February 5, 2024, the undersigned remanded Plaintiff's case to the Commissioner of Social Security for further proceedings pursuant to the fourth sentence of Section 205(g) of the Social

Security Act, 42 U.S.C. 405(g). (ECF No. 12). Judgment was entered in favor of Plaintiff against the Commissioner. (ECF No. 13).

This matter is now before the Court on Plaintiff's counsel's motion, seeking an award of $849.73. (ECF No. 14 at 1). In support of this amount, counsel provides an itemized list of hours billed. (ECF No. 14-21. Additionally, counsel requests that "[i]f the Plaintiff has no debt registered with the Department of Treasury subject to offset that the [Court ordered] fees be made payable to the attorney" pursuant to the written fee agreement between Plaintiff and Plaintiff's counsel. (ECF No. 14 at 6; ECF No. 14-2).

## II. DISCUSSION

The Equal Access to Justice Act provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. §2412(d)(1)(A).

The government has the "burden to show that its position was substantially justified." *Meier v. Colvin*, 727 F. 3d 867, 870 (9th Cir. 2013). The government's position includes both its "litigation position and the underlying agency action giving rise to the civil action." *Id.* Thus, if the underlying agency action, here the ALJ's determination, was not substantially justified, an award of attorney fees is warranted. *Id.* at 872 ("Because the government's underlying position was not substantially justified, we need not address whether the government's litigation position was justified."). And, even if the government's position at the agency level was substantially justified, attorney fees are still warranted if the government's subsequent litigation position was not substantially justified. *Id.*

"Substantial justification means justified in substance or in the main−that is, justified to a degree that could satisfy a reasonable person." *Id.* (internal quotation marks and citation omitted). Put differently, to be substantially justified, "the government's position must have a reasonable basis both in law and fact." *Id.* (internal quotation marks and citation omitted).

Here, the Commissioner does not oppose counsel's motion for attorney fees. Accordingly, the Court finds that Plaintiff is entitled to EAJA fees, provided that such fees are reasonable.[1]

### B. Reasonableness of Plaintiff's Requested Attorney Fees

Under the EAJA, attorney fees must be reasonable. 28 U.S.C. § 2412(d)(1)(A); *Perez–Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002). "The EAJA further provides district courts discretion to adjust the amount of fees for various portions of the litigation, guided by reason and statutory criteria." *Comm'r, I.N.S. v. Jean,* 496 U.S. 154, 165-66 (1990). By statute, hourly rates for attorney fees under the EAJA are capped at $125 per hour, but district courts are permitted to adjust the rate to compensate for increases in the cost of living. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001) ("On March 29, 1996, the statute was amended to increase the maximum fee to $125 per hour, plus any 'cost of living' and 'special factor' adjustments. The $125 per hour cap applies to cases commenced on or after March 29, 1996."). In the Ninth Circuit, the statutory maximum EAJA rates for the year at issue, 2022, is $234.95. *See Statutory Maximum Rates Under the Equal Access to Justice Act*, U.S. Courts for the Ninth Circuit, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited February 28, 2023).

Determining a reasonable fee "requires more inquiry by a district court than finding the 'product of reasonable hours times a reasonable rate.'" *Atkins v. Apfel*, 154 F.3d 986, 988 (9th Cir. 1998) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The district court must consider "the relationship between the amount of the fee awarded and the results obtained." *Id.* at 989. Counsel for the prevailing party should exercise "billing judgment" to "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary," as a lawyer in private practice would do. *Hensley*, 461 U.S. at 434; *see also Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) ("The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client.").

---

[1] The government also bears the burden of demonstrating that no special circumstances exist that make the award unjust. 28 U.S.C. § 2412(d)(1)(A). The special circumstance exception applies when the case involves a novel but credible interpretation of the law, an issue on which reasonable minds could differ, or an important and doubtful question. *Grayson Elec. Co. v. NLRB,* 951 F.2d 1100, 1103 (9th Cir. 1991). Since the Commissioner does not oppose the motion, the Court finds that there are no special circumstances that would make an award of fees unjust.

The Court must "provide a concise and clear explanation of the reasons" for its attorney award calculation. *Hensley*, 461 U.S. at 433; *Sorenson*, 239 F.3d at 1145. A court has wide latitude in determining the number of hours reasonably expended and may reduce the hours if the time claimed is excessive, redundant, or otherwise unnecessary. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988); *see also Comm'r, I.N.S.*, 496 U.S. at 163 ("[A] district court will always retain substantial discretion in fixing the amount of an AJA award."). "Hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority." *Hensley*, 461 U.S. at 434. The applicant bears the burden of demonstrating the reasonableness of the fee request. *Blum v. Stenson*, 465 U.S. 886, 897 (1984).

Here, Plaintiff requests an hourly rate of $242.78 for 3.5 hours of work performed in 2023. (ECF No. 14-1). Multiplying the applicable hourly rate by the hours worked yields a total of $849.73. The Commissioner does not contest the hourly rate, and the Court finds it to be reasonable in light of the quality of counsel's work and results obtained for Plaintiff.

### III.   CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for attorney's fees (ECF No. 14) is GRANTED;
2. Attorney fees and expenses in the amount of $849.73 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) are awarded to Plaintiff.
3. If the U.S. Department of the Treasury determines that Plaintiff's EAJA fees, expenses, and costs are not subject to offset allowed under the Department of the Treasury's Offset Program (TOPS), then the check for EAJA fees, expenses, and costs shall be made payable to Plaintiff's counsel's firm, Peña & Bromberg, PLC 2440 Tulare St., Suite 320 Fresno, CA 93721.

\\\
\\\
\\\
\\\
\\\
\\\

4. Plaintiff's counsel is directed to serve a copy of this order on Plaintiff and shall thereafter file a certificate of service on the docket.

IT IS SO ORDERED.

Dated:   **May 16, 2024**                                /s/ Erica P. Grosjean
                                                    UNITED STATES MAGISTRATE JUDGE

5